***********
The Full Commission has reviewed the record of the proceedings before Deputy Commissioner Rideout based upon the errors assigned by the appealing party, and the parties' oral arguments before the Full Commission as well as any documentation subsequently provided by the parties to the Full Commission. Upon review and reconsideration of the evidence, the Full Commission finds that there are no good grounds to receive further evidence or to rehear the parties or their representatives and enters the following Order affirming the decision of Deputy Commissioner Rideout.
 ***********
Plaintiff sustained a compensable injury to his neck and back on May 23, 2005 while lifting a container from a truck. As a result of his injury, plaintiff has received authorized medical treatment on numerous occasions and has undergone several x-rays of the neck and spine, two (2) cervical myelograms (on October 5, 2005 and January 10, 2007), two (2) lumbar *Page 2 
myelograms (on June 5, 2006 and November 23, 2007), and several other diagnostic tests, all of which were reasonably required to effect a cure, provide relief or lessen his disability from his compensable injury.
Plaintiff filed a Motion for Medical Treatment seeking approval of another CT myelogram requested by Dr. Thomas Medlin, a neurosurgeon. Plaintiff was referred to Dr. Medlin by Dr. Patrick Boylan, an authorized treating physician. Dr. Medlin diagnosed plaintiff with cervical spondylosis, with neck and left arm pain, and with lumbar spondylosis, with back and left leg pain. On July 30, 2008 Dr. Medlin requested authority to do repeat testing, consisting of myelograms with postmyelogram CT scans of both the cervical and lumbar spine due to plaintiff's failure to improve with conservative measures. Defendants have denied authorization for these tests.
In response to plaintiff's Motion, defendants contend that "a third cervical myelogram is not necessary to effectuate a cure to plaintiff's compensable condition." Further, defendants contend that a causation issue exists, and that "medical evidence by way of depositions is necessary for the determination of whether any additional treatment/testing is necessary and, if so, whether that treatment/testing is related to plaintiff's compensable injury." Finally, defendants contend that "the only reason a third lumbar myelogram and a third cervical myelogram could be helpful is to determine whether plaintiff is a surgical candidate, something plaintiff has previously stated he is not interested in."
Plaintiff continues to receive extensive pain management treatment from Dr. Boylan even though Dr. Boylan found him at maximum medical improvement and rated him on June 27, 2007. Dr. Boylan thereafter referred plaintiff to Dr. Mark Foster at Wilmington Orthopaedic Group for an evaluation of his left shoulder and low back problems. On November 30, 2007 Dr. *Page 3 
Foster concluded that reasonable nonsurgical treatment had been exhausted and recommended decompression and fusion surgery, which plaintiff declined. Dr. Medlin had previously recommended surgery which plaintiff had also declined as early as November 20, 2006. Plaintiff continued to receive treatment from Dr. Boylan due to the worsening of his symptoms. Dr. Boylan increased his rating on December 28, 2007. By November 3, 2008 Dr. Boylan's medical note indicated that plaintiff was getting worse. He again discussed surgery, but plaintiff indicated he was going to try to avoid surgery if he could. With respect to plaintiff's Motion for Medical Treatment filed December 9, 2008, since plaintiff desires to proceed with surgery, as represented by his attorney, the repeat testing recommended by Dr. Medlin is reasonably required in preparation for surgery.
In their Form 44 Application for Review to the Full Commission defendants raised a causation issue with respect to plaintiff's lumbar injury claim and contend that the expedited medical motion process is not the proper forum as an evidentiary hearing is necessary. Defendants rely primarily upon the Independent Medical Examination of Dr. Donald Getz in raising this issue. However, Dr. Getz did not have all of the medical records and appeared to place great reliance on the "absence of a temporal relationship between the documented onset of the [low back] symptoms and the incident of 5/23/05." Upon review of all of the medical records submitted, it appears that although plaintiff primarily complained of cervical and thoracic spine problems, he also had complaints of problems related to the low back in some of the records of treatment occurring earlier than the records Dr. Getz reviewed. Therefore, the causation opinion of Dr. Getz is given no weight and does not provide adequate grounds to change the posture of this admitted claim after plaintiff has been receiving authorized treatment for low back complaints for more than 31/2 years. *Page 4 
The Full Commission concludes in its discretion that the repeat testing, consisting of a myelogram with postmyelogram CT scans of both the cervical and lumbar spine recommended by Dr. Medlin in preparation for surgery is reasonably necessary to effect a cure, provide relief or lessen plaintiff's period of disability and defendants should authorize such treatment. N.C. Gen. Stat. § 97-25; Schofield v. Great Atlantic Pacific Tea Co., 299 N.C. 582, 264 S.E.2d 56 (1980). Plaintiff requested authorization for such treatment within a reasonable time. N.C. Gen. Stat. § 97-25; Schofield v. Great Atlantic Pacific TeaCo., 299 N.C. 582, 264 S.E.2d 56 (1980).
IT IS THEREFORE ORDERED that within 10 days of the date of this Order, defendants shall authorize Dr. Medlin to perform the repeat testing, consisting of myelograms with postmyelogram CT scans of both the cervical and lumbar spine that he recommended in preparation for surgery. Defendants shall pay the costs.
This the ___ day of March, 2009.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/___________________ STACI MEYER COMMISSIONER
S/___________________ DANNY L. McDONALD COMMISSIONER *Page 1